*467
MEMORANDUM OF DECISION

JANE W. FREEMAN, Judge.
I. Motion For Costs
On June 16, 2006, this Court ordered the eviction of the Defendants from property located at 19 Broadview Avenue, Uncas-ville, Connecticut (“the Premises”). The Defendants had leased the Premises from the Mohegan Tribal Housing Authority (“MTHA”). In its judgment, the Court retained jurisdiction for a period of ninety (90) days to assess any damages caused by the Defendants, including damages for any waste; provided however, that pursuant to a Stipulation filed by the parties, any claim for damages was to be limited to “excessive damage to the dwelling, which exceeds ordinary wear and tear.”
The MTHA subsequently filed a timely “Motion For Damage Costs” seeking an assessment of damages in the amount of $1,500.00 for costs incurred to clean the Premises after the Defendants vacated. Thereafter, the MTHA supplemented its motion to seek additional damages in the amount of $691.55, for a total damage claim in the amount of $2,191.55.
II. Damage Assessments under MTC § l-401(c)
This Court may assess damages for waste, in connection with an eviction, against a defendant who has leased property from the MTHA. MTC § 1—401(c) provides as follows:
The judge shall also assess damage eaused to the plaintiff by the default under the lease agreement, including damage for waste by the defendant, and any sums due The Mohegan Tribal Housing Authority under the lease agreement. Any amount owing The Mohegan Tribe/Tribal Housing Authority (if the plaintiff), including rent and damages assessed and ordered, may in addition to ordinary collection procedures, upon motion of the plaintiff attach to and be withheld from the next available per capita distribution pursuant to Section 2-183c(l) and (2).
The MTHA claims that the Defendants eaused waste on the Premises and seeks an assessment damages for such waste. The MTHA has also requested that if any damages are assessed against the Defendant, Raymond Greene, Jr., the Court then order that such assessment be paid by way of an attachment of and withholding from the next available per capita distribution to the Defendant, Raymond Greene, Jr.
III.Findings and Orders of the Court
The Court held a hearing at which the Plaintiff, and the Defendants, Raymond Greene, Jr. and Denise Proveneher, appeared and testified.
After hearing had, the Court hereby feds as follows:
A. The Defendants vacated the Premises in early July of 2006;
B. At the time the Defendants vacated the Premises, them key was given to the MTHA which then locked and secured the Premises;
C. Photographs (Plaintiff’s Ex. 2) of the Premises were taken by the MTHA on August 1,2006;
D. The MTHA inspected the Premises when they were vacated by the Defendants in early July, 2006 and inspected them again on at least one other occasion in July. At the time of such inspections, the Premises were in the same condition as shown in the photographs. At each inspection, there were no signs of forced entry and after each inspection, the MTHA locked and secured the Premises;
*468 E. When the Defendants vacated the Premises: the i*ugs in the living room, dining room and hall were stained to-such an extent that they could not be repaired, so that the MTHA was required to remove them; several rooms contained extensive debris and trash; the house was infested with fleas; the kitchen and bathrooms required extensive cleaning; and the yard contained debris which had to be removed;
F. The Defendants committed waste at the Premises, beyond ordinary wear and tear;
(1. The MTHA has incurred $2,191.55 in cleaning costs for the Premises, for the following: removal of trash and carpet from the house; removal of accumulated debris from the yard; cleaning of walls, floors and windows; cleaning of the kitchen and bathroom; extermination services; and dumpster services;
H. The MTHA is currently holding a security deposit from the Defendants in the amount of $608.11 so that after the application of the security deposit to the cleaning costs, the net costs incurred by the MTHA is $1,583.44.
It is therefore, ORDERED, that:
I. The sum of $1,583.44 is hereby assessed as damages for waste by the Defendants;
2. The damages assessed in the sum $1,583.44 shall attach to and be withheld from the next available per capita distribution made by the Mohegan Tribe to the Respondent, Raymond Greene, Jr.